This suit was instituted in the Superior Court of Law (59) for ROWAN, and removed for trial to IREDELL, where it came on to be tried, at October Term, 1817, and a verdict was found for the plaintiff and his damages were assessed to two hundred dollars. Whereupon it was contended on behalf of the Defendants, that the judgment should be arrested; for that the jury had found a general verdict for the plaintiff, and that upon the first count in the declaration, no recovery could in law be had. The case was ordered to be sent to this Court, where it was argued by
It is admitted that the Plaintiff would (60) be entitled to judgment, if the declaration contained only the count which charges that the Defendants had set up a ferry and transported persons, c., for pay. But as the other count does not charge that persons, c., were transported for pay, and as damages have been given generally upon both counts, it is said the judgment ought to be arrested. By the acts of 1779, ch. 10, 1784, ch. 14, the Plaintiff, as the owner of a ferry, is bound to keep boats, c., in good repair for the transportation of travellers, c., and is subject to high penalties *Page 49 
for any neglect in this respect. As a compensation for doing what these acts of Assembly require at his hands, he is permitted to take pay according to the rates fixed by the County Courts. Now it is a matter of indifference to the Plaintiff, whether the Defendants transport people and carriages across the river for pay or without pay; the effect is the same to him; he is injured, his profits are diminished, whilst the obligation upon him to keep up his ferry remains the same.
But it is said, it would be a hard case if no person were at liberty under any circumstances to set his neighbor across the river in a private boat, unless it be for the private use of the owner of said boat. It certainly would be a hard case, if such were the law. But it is clear that in such a case, an action would not lie. When, however, it appears that the owner of such a boat opened a way on each side of the river, sufficient for carriages, c., to go to the place where the boat (61) is kept, that posts with signboards are erected on said roads, directing travellers the way to a free ferry, and by all these means injuring a neighbor who has an old and established ferry, and who is bound by law to keep it up, a special case appears, *Page 50 
in which the Plaintiff is undoubtedly entitled to recover. It is further said, that the setting up of such ferries is for the public good. That portion of the public who pass them may think so: but the disinterested part of the public, can think nothing for their good which brings destruction or injury to an individual: and that such destruction or injury must follow, is certain, when we reflect upon the obligations which the Plaintiff is under to keep his ferry in good order, for the transportation of travellers when called upon. Connected with these considerations, is the strong fact, that by the law, the Courts, and they only, are authorized to grant to individuals the privilege of establishing ferries. This privilege has not been granted to the Defendants in this case. We need not enquire what were the motives of the Defendants in setting up this ferry; whether they intended to benefit the public, injure Long, or finally benefit themselves, is altogether immaterial.
There are no authorities advanced against the opinion now given. The case of Blisset v. Hart (Willes, 508), mentioned in the argument of this case, was an action brought for an injury similar to the one now complained of: in that case, there were many counts in the declaration, and yet in neither was it charged that the Defendant had received pay for the transportation of travellers. I am of opinion, that upon the facts charged in the first count an action can be sustained, and that judgment should be rendered for Plaintiff.